## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:06CV-P270-R

**JIMMY MATTHEWS**                                                                              **PETITIONER**

v.

**TOM DAILEY, WARDEN**                                                                          **RESPONDENT**

### MEMORANDUM OPINION & ORDER

Represented by counsel, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee. The Court will now proceed to make a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition appears to be barred by the applicable statute of limitations, the petitioner must show cause why his petition should not be dismissed as untimely.

### I.

On July 11, 1997, the petitioner, Jimmy Matthews, was convicted in the Jefferson Circuit Court of several drunk-driving related offenses. He was sentenced to 50 years in prison. On July 2, 1998, the petitioner filed a motion for belated appeal with the Kentucky Supreme Court, which was granted. On July 31, 1998, the petitioner filed his notice of appeal with the Kentucky Supreme Court. On May 24, 2001, the Kentucky Supreme Court affirmed in part and reversed in part the petitioner's conviction.

On July 18, 2000, the petitioner filed a RCr 11.42 motion to vacate his conviction in the Jefferson Circuit Court, which was denied on January 26, 2004. The petitioner appealed this decision to the Kentucky Court of Appeals, which affirmed the Jefferson Circuit Court on April 1, 2005. On June 8, 2005, the Kentucky Supreme Court denied discretionary review.

The petitioner then filed his habeas petition in this Court on June 5, 2006.

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's conviction became final on July 21, 1997, 10 days after the trial court entered the judgment of conviction and the last day on which he could have filed an appeal under Rule 12.04 of the Kentucky Rules of Criminal Procedure (1981) (amended

1998).[1]  Thus, the petitioner had until July 21, 1998, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001)(quoting § 2244(d)(2)) (finding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'").  The petitioner did not file a notice of appeal with the state court until July 31, 1998.  However, on July 2, 1998, the petitioner did file a motion for belated appeal.  The motion for belated appeal may have tolled the statute of limitations for seeking habeas relief.  *See Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir. 2000) (holding that motion to reopen direct appeal tolled time to bring habeas action).  It did not, however, restart the limitations periods.  *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew.").  Thus, 346 days of the petitioner's time to seek habeas relief elapsed between the time his conviction became final, July 21, 1997, and the date he filed his motion for belated appeal, July 2, 1998.

The statute remained tolled until the Kentucky Supreme Court denied discretionary review on the petitioner's RCr 11.42 motion on June 8, 2005.  Thereafter, the petitioner had 19 days remaining in which to file a habeas petition in this Court.  *See Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004) (holding that a state post-conviction petition tolls but does not restart the one-year limitations period.).  However, the petitioner did not file his petition until almost a year

---

[1] The 10 day period was enlarged to 30 days effective January 1, 1999.  *See Johnson v. Commonwealth*, 17 S.W.3d 109, 112 (Ky. 2000).

3

later on June 6, 2006. Thus, it appears that the instant action is time barred.

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ignorance of the law alone, however, does not excuse prompt filing. *Allen,* 366 F.3d at 403.

Accordingly, based on the foregoing, it appears that the petitioner's § 2254 petition should be summarily dismissed by the Court as barred by the applicable one-year statute of limitations. Before dismissing the action on this ground, however, the Court will provide the petitioner with an opportunity to respond. *Day v. McDonough*, 547 U.S. 198 (2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

**WHEREFORE, IT IS ORDERED that within thirty (30) days from entry of this memorandum opinion and order, the petitioner must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed as barred by the applicable one-year statute of limitations. Failure to respond within the time allotted will result in dismissal of**

**the action for the reasons set forth herein.**

Date:

cc:      Counsel of Record
         Petitioner, # 126650, Luther Luckett Correctional Complex, Dawkins Road, Box 6, LaGrange, Kentucky 40031

4413.008