UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P270-R

**JIMMY MATTHEWS**                                                                                    PETITIONER

v.

**TOM DAILEY, WARDEN**                                                                       RESPONDENT

**MEMORANDUM OPINION**

    Represented by counsel, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 5, 2007, the Court entered an Order directing the petitioner to show cause why his petition should not be dismissed as untimely (DN 8). The petitioner has now responded (DN 12). For the reasons explained below, the Court concludes that this action is untimely and that no grounds exist to justify the application of equitable tolling.

**I.**

    On July 11, 1997, the petitioner, Jimmy Matthews, was convicted in the Jefferson Circuit Court of several drunk-driving related offenses. He was sentenced to 50 years in prison. At the time of his conviction, the petitioner was represented by the Hon. Lloyd A. Thomas. According to the petitioner, at the final sentencing, neither the trial court nor his counsel advised him of his constitutional right to direct appeal. The petitioner's conviction became final on July 21, 1997, 10 days after the trial court entered the judgment of conviction and the last day on which he could have filed an appeal under Rule 12.04 of the Kentucky Rules of Criminal Procedure (1981) (amended 1998).[1] No appeal was filed by this date.

    The petitioner claims that he has only "a ninth grade education and was suffering from

---

[1] The 10-day period was enlarged to 30 days effective January 1, 1999. *See Johnson v. Commonwealth*, 17 S.W.3d 109, 112 (Ky. 2000).

the psychological and physical effects of long term alcoholism," and therefore, did not discover for some time that he had a right to directly appeal his conviction.[2] Once he learned of his rights, the petitioner with the assistance of "post-conviction public defender counsel" filed a motion for belated appeal with the Kentucky Supreme Court on July 22, 1998. The petitioner's motion was granted, and on July 31, 1998, the petitioner filed his notice of appeal with the Kentucky Supreme Court. On May 24, 2001, the Kentucky Supreme Court affirmed in part and reversed in part the petitioner's conviction.[3]

On July 18, 2000, again with the assistance of post-conviction counsel, the petitioner filed an RCr 11.42 motion to vacate his conviction in the Jefferson Circuit Court, which was denied on January 26, 2004. The petitioner appealed this decision to the Kentucky Court of Appeals, which affirmed the Jefferson Circuit Court on April 1, 2005. On June 8, 2005, the Kentucky Supreme Court denied discretionary review.

The petitioner then filed his habeas petition in this Court on June 5, 2006.

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[2]The petitioner does not explain how he eventually learned of his appeal rights.

[3]One wanton endangerment count conviction was reversed. The judgment was otherwise affirmed.

2

> limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

As noted above, the petitioner's conviction became final on July 21, 1997. Thus, the petitioner had until July 21, 1998, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001)(quoting § 2244(d)(2)) (finding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'"). The petitioner did not file a notice of appeal with the state court until July 31, 1998. However, on July 2, 1998, the petitioner did file a motion for belated appeal. The Court concludes that the motion for belated appeal tolled the statute of limitations for seeking habeas relief. *See Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir. 2000) (holding that motion to reopen direct appeal tolled time to bring habeas action). It did not, however, restart the limitations

3

periods. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew."). Thus, 346 days of the petitioner's time to seek habeas relief elapsed between the time his conviction became final, July 21, 1997, and the date he filed his motion for belated appeal, July 2, 1998.

The statute remained tolled until the Kentucky Supreme Court denied discretionary review on the petitioner's RCr 11.42 motion on June 8, 2005. Thereafter, the petitioner had 19 days remaining in which to file a habeas petition in this Court. *See Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004) (holding that a state post-conviction petition tolls but does not restart the one-year limitations period.). However, the petitioner did not file his petition until almost a year later on June 6, 2006. Thus, on its face the petition appears time barred.

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The petitioner first contends that the limitations period should be tolled because his limited education and the psychological and physical effects of long-term alcoholism prevented him from independently understanding the complex "legal maze" of habeas law. However, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th

4

Cir. 2002). Equitable tolling of the AEDPA's one-year limitations period is also not warranted on the basis of petitioner's alleged lack of actual or constructive knowledge of the filing requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded petitioner constructive knowledge of the filing deadline. *See Allen*, 366 F.3d at 402-03. In addition, even if petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.*

Next, the petitioner argues that the loss of the 346 days before he filed his motion for belated appeal should not be counted against him "because it was not his fault but rather was based upon ineffective assistance of [trial] counsel." The Sixth Circuit has held that an attorney's mistake is not a valid basis for equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 644-645 (6th Cir. 2003). "The remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002) (citing *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). Additionally, the Sixth Circuit has repeatedly held a motion for belated appeal, "even if granted does not restart the statute of limitations." *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). The rationale for rule was explained by the Sixth Circuit several years ago in *Searcy*,

> In declining to find that the statute of limitations under AEDPA was "retriggered" by the denial of Searcy's motion for a delayed appeal, the district court relied on the rationale of a sister court from the Second Circuit: "This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated,

5

a clearly unacceptable result." *Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. Dec. 11, 1998). We agree with this rationale and hold, as did the district court, that although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.

*Searcy*, 246 F.3d at 519. Thus, while the petitioner may rely on his motion for belated appeal to toll the statute, it did not restart it. At the conclusion of his RCr 11.42 proceedings, the petitioner had 19, not 365, days remaining in which to file a habeas petition in this Court.

Lastly, the petitioner argues that this Court should apply equitable tolling to his case because his current counsel "was also frankly confused previously regarding specific applications of the statute [of limitations] to instances where a belated appeal was already granted by the state Supreme Court." In other words, the petitioner claims that he is entitled to equitable tolling because his counsel miscalculated the time he had to file his petition. The United States Supreme Court recently held, however, that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, --U.S.--, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007).

For the reasons explained above, the Court concludes that the instant petition is time barred and must be dismissed accordingly.

### III.

In the event the petitioner wishes to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny and COA and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900,

6

903 (6th Cir. 2002) ("Whether the district court judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2)&(3) by 'indicat[ing] which specific issue or issues satisfy the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, the petitioner is not entitled to a COA.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Counsel of Record
      Petitioner, # 126650, Luther Luckett Correctional Complex, Dawkins Road, Box 6, LaGrange, Kentucky 40031

4413.008